**WHITE & CASE LLP**
YAR R. CHAIKOVSKY (CA 175421)
yar.chaikovsky@whitecase.com
ANDY LEGOLVAN (CA 292520)
andy.legolvan@whitecase.com
AMIR JABBARI (CA 339097)
amir.jabbari@whitecase.com
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA 94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158

ANNA B. NAYDONOV (*pro hac vice*)
anna.naydonov@whitecase.com
MARK DAVIES (*pro hac vice*)
mark.davies@whitecase.com
701 13th St NW # 600
Washington, DC 2005-3807
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

Attorneys for
Defendant Anthropic PBC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. O. KWON, ALEXANDER DREIHANN-HOLENIA, STEPHANIE GRIEST, ELIZABETH HINTON, BRIAN JACKSON, JASON ALAN JANKOVSKY, BRANDEN W. JOSEPH, KIMBERLY KAY HOANG, GLENN KREISBERG, RICHARD KREVOLIN, GERALD LAMB, CHANG-RAE LEE, JEANNIE LEVINSON, STEVEN LOWENTHAL, MACKENZIE BLUE LLC, BRIAN MALEC, DONNA MATNEY, ILONA MCCARTY, TIFFANY MCDANIEL, BRIAN MERCHANT, ERIC L. MULLER, SONIA NAZARIO, DANIEL JOSÉ OLDER, LAURENCE RALPH, LILLIAM RIVERA, SETH A. ROBERTS, AIDA SALAZAR, ERIKA L. SANCHEZ, JEREMY N. SMITH, SOUL WRITERS, LLC, RAMESH SRINIVASAN, ROBERT TANNENBAUM, KENNETH WARNER, and ROBERT ZIMMERMAN,<br><br>          Plaintiffs, | Case No. 3:26-cv-4649<br><br>Related Cases:<br>5:25-cv-10897-PCP<br>5:26-cv-04056-PCP<br>5:26-cv-04218-PCP<br>5:26-cv-04482-PCP<br><br><br>**DEFENDANT ANTHROPIC PBC'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SET CONSOLIDATED BRIEFING SCHEDULE AND HEARING DATE (L.R. 7-11)**<br><br>Judge: Hon. P. Casey Pitts |

- 1 -

v.

ANTHROPIC PBC

        Defendant.

Plaintiffs filed five separate cases against Anthropic, each raising a host of unique pleading deficiencies. Anthropic proposes to brief motions to dismiss in each case, with a staggered briefing schedule in the order Plaintiffs' counsel chose to file each case. In response, on the eve of Anthropic's deadline to file the motion to dismiss in *Cambronne*, the first filed of the cases, Plaintiffs move the Court to force Anthropic to file a consolidated brief for all five cases.

There is no good reason to adopt Plaintiffs' approach. The same reason Plaintiffs' counsel chose to join certain plaintiffs (*e.g.*, the *Kwon* or *Cruz* authors) but file separate actions for others (*e.g.*, *Cognella* and *Chicken Soup* publishers) is precisely why there is no good reason for consolidated briefing: each case raises unique pleading deficiencies—copyright ownership, standing, the necessity of joining third parties, *res judicata* under *Bartz*, and entitlement to statutory damages—which are more appropriately briefed in the factual context of the case each plaintiff chose to file. Relating the cases under Local Rule 3-12 does not change the picture. Relation assigns cases to one judge to avoid duplicative labor by multiple judges; it does not consolidate them or merge their pleadings. A party seeking to merge cases must make a showing specific to consolidation—relatedness alone does not supply it. *See Rothschild v. Pacific Cos.*, No. 23-cv-01721-LJC, 2024 WL 2112898, at *2 (N.D. Cal. Apr. 26, 2024) (relating two cases but denying consolidation where the movant conflated relatedness with consolidation). Plaintiffs make no such showing here. Rule 12 entitles Anthropic to respond to each complaint on its own terms, and Plaintiffs cite no authority that a relation order dictates the form of those responses.

The Court should deny Plaintiffs' request for consolidated briefing, keep the *Cambronne* briefing schedule in place,[1] adopt Anthropic's proposed schedule for the remaining cases, and, if convenient for the Court, hold consolidated or separate hearings on the five motions at the conclusion of briefing.

---

[1] The parties have already stipulated to the briefing schedule in *Cambronne*. *See* Dkt. 198.

| Case | Motion to Dismiss | Opposition | Reply |
|---|---|---|---|
| *Cambronne* | July 30, 2026 | Sept. 28, 2026 | Oct. 19, 2026 |
| *Cognella* | Aug. 13, 2026 | Oct. 5, 2026 | Oct. 26, 2026 |
| *Chicken Soup* | Aug. 27, 2026 | Oct. 19, 2026 | Nov. 2, 2026 |
| *Kwon* | Sept. 10, 2026 | Nov. 2, 2026 | Nov. 16, 2026 |
| *Cruz* | Sept. 24, 2026 | Nov. 16, 2026 | Nov. 30, 2026 |

* * *

Counsel for Plaintiffs—together with their co-counsel and client-intake partner, ClaimsHero—are pursuing a campaign of copyright suits against Anthropic on behalf of unique and disparately situated book publishers and authors. Thus far, they have filed five separate actions—*Cambronne*, *Cognella*, *Chicken Soup*, *Kwon*, *Cruz*—with some unknown number of suits and claims yet to be filed. *See Cambronne*, Dkt. 126 at 12 n.6 ("Plaintiffs' counsel represents scores of additional authors and publishers"); *Cambronne*, Mar. 24, 2026 Hr'g Tr. on Mot. to Sever at 13:4–6 ("counsel will be filing more"); Hr'g Tr. at 74, *Bartz v. Anthropic*, No. 3:24-cv-5417-WHA (N.D. Cal. Nov. 25, 2025) (ClaimsHero representative testifying that approximately 45,000 people created ClaimsHero accounts since the October 27, 2025 launch of its Anthropic campaign). That fragmentation is plaintiffs' choice. They opted out of the *Bartz* class settlement to litigate on their own, and they did not bring a class action here.

The initial *Cambronne* case has six author plaintiffs, who each testified before the *Bartz* court at the November 25, 2025 evidentiary hearing in *Bartz*. Anthropic filed a motion to dismiss *Cambronne* on grounds unique to those author plaintiffs. Dkt. 96. Rather than oppose, the plaintiffs amended the complaint and agreed to stay pleadings challenges until severance was decided. Since the severance ruling, Anthropic and the *Cambronne* plaintiffs agreed to a briefing schedule, with Anthropic's motion due in two days (July 30). Dkt. 198. After *Cambronne*, counsel then filed two cases on behalf of publisher plaintiffs—*Cognella* and *Chicken Soup*—comprising over 500 works, each raising new and discrete issues unique to their works, registrations, and ownership structure. Counsel then filed *Kwon* and *Cruz* on behalf of dozens of individual authors and asserting approximately 80 works each—raising even further issues unique to the makeup of works, registrations, authors, and publishers at issue.

Though each case raises similar claims against Anthropic—sufficient to warrant case-relation before the same Judge—each case's unique selection and composition of plaintiffs and

asserted works invariably requires a bespoke responsive pleading. Plaintiffs' decision that Anthropic should move to dismiss all five of their counsel's successively filed cases as one should be rejected.

Anthropic's investigation into the unique posture of *Cambronne*, *Cognella*, *Chicken Soup*, *Kwon*, and *Cruz* is ongoing—further underlying the prejudice of Plaintiffs' insistence on treating them all as one. Indeed, Anthropic's investigation to date reveals unique, non-crosscutting pleadings challenges inherent in counsel's selection of plaintiffs and works across the cases. For example, some cases, such as *Cognella* and *Chicken Soup*, are single-plaintiff publisher cases—raising unique copyright ownership and standing issues as to the omitted authors listed as owners on the copyright registrations. *Cruz* and *Kwon* compound the problem: *Cruz* names 28 plaintiffs and *Kwon* names 34, and many of their works are registered to publishers—such as Wiley, McGraw Hill, and Princeton University Press—rather than to the plaintiffs or to non-plaintiff co-authors. Each plaintiff's standing and ownership must be assessed individually. Only the legal or beneficial owner of an exclusive right may sue. 17 U.S.C. § 501(b); *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 884 (9th Cir. 2005) (en banc). Whatever the response to these deficiencies—to date, counsel has not addressed them—there is no suggestion they must be addressed in consolidated briefing with differently situated plaintiffs.

Further, some plaintiffs in *Chicken Soup* and *Kwon* assert works whose claims were adjudicated by the *Bartz* settlement because the works were not opted out—raising unique *res judicata* defenses not relevant to the other cases. Some works in *Cognella* and *Chicken Soup* were not registered at the time of alleged infringement—verifiable by the judicially noticeable registrations—raising a ripe pleadings challenge to their claims for statutory damages. And some works in *Chicken Soup* may be part of a co-pending bankruptcy estate, *see In re Chicken Soup for the Soul Entm't*, Nos. 24-bk-11442 (June 28, 2024), potentially raising further unique standing issues relevant only to that case.

The scale of this problem is not hypothetical. Anthropic's first motion to dismiss in this litigation supported a single standing defect with five registrations, one per challenged work. *See* Mot. to Dismiss, LeGolvan Decl. Exs. A–E, Dkt. 96. The related cases put nearly 700 more

- 4 -

copyrights at issue. A work-by-work ownership record of that scope, presented in a single brief, would serve neither the Court nor the parties.

Anthropic intends to investigate and appropriately raise pleadings deficiencies in each action, tailored to the parties, claims, and facts of each case—in the order counsel chose to file them, and staggered appropriately to give Anthropic sufficient opportunity to investigate and brief each motion. It might be that some issues will be similar between one case and another—the parties and the Court are well equipped to ensure consistency and avoid repetition of labor. But that is not a reason to deliberately file five separate cases according to their unique makeup—with some unknown number of additional cases yet to be filed—and then force Anthropic to treat them as identical before the deficiencies have been fully investigated, briefed, and decided.

Date: July 28, 2026

WHITE & CASE LLP

By: */s/ Yar R. Chaikovsky*

Yar R. Chaikovsky
Anna B. Naydonov
Mark Davies
Andy LeGolvan
Amir Jabbari
*Attorneys for Defendant Anthropic PBC*

- 5 -